133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold SCHIFMAN; James Koedyker; Thomas Townsend,
Plaintiff-Appellants,
v.
Thomas J. HOLT, Sr., husband; Jane Doe Holt, wife,
Defendants-Appellees.
Harold Schifman; James Koedyker; Thomas Townsend,
Plaintiffs-Appellees,
v.
Thomas Holt, Sr., husband; Jane Doe Holt, wife,
Defendants-Appellants.
 Nos. 96-17127, 96-17335.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1997.
Decided Dec. 17, 1997.
 
 Appeals from the United States District Court for the District of Arizona, No. CV 95-116-TUC-JMR John M. Roll, District Judge, Presiding.
 Before: WOOD,** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In 1993, Harold Schifman, James Koedyker and Thomas Townsend (Plaintiffs), Arizona and Missouri residents, entered into contract negotiations with the Holts (Defendants), Pennsylvania residents, regarding the sale of stock in a privately held Colorado corporation. The sale did not occur, and Plaintiffs eventually commenced this diversity action for breach of contract.
 
 A. Personal Jurisdiction
 
 3
 In No. 96-17335, Defendants appeal from the district court's denial of their motion to dismiss for lack of personal jurisdiction. Where, as here, a district court has made no findings on the disputed facts, the appellate court reviews the evidence de novo to determine if the plaintiff has made out a prima facie case of personal jurisdiction over the defendant. Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir.1986). On appeal, disputed facts are to be resolved in the plaintiff's favor. Id. at 1073 (citing Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1327 (9th Cir.1985)).
 
 
 4
 Resolving the disputed fact of which party initiated contract negotiations in Plaintiffs' favor, we find that Plaintiffs have made out a prima facie case of personal jurisdiction over Defendants. The evidence indicates that this circuit's three-factor test for determining when a state may constitutionally exercise specific jurisdiction over a defendant has been met. See Brand, 796 F.2d at 1073. In this case: (1) Defendants initiated and engaged in contract negotiations in the forum state with forum residents via fax, telephone, and mail; (2) the breach of contract claim arose out of those activities; and (3) the exercise of jurisdiction is reasonable.[1] See id.
 
 B. The Contract Claim
 
 5
 The district court concluded that a valid contract had not been formed between the parties because there was no mutual intent to be bound by the terms contained within the letter dated August 11, 1993, or, in the alternative, the August 11th letter was not specific enough to result in an enforceable contract. The district court, therefore, granted summary judgment to Defendants, from which Plaintiffs appeal in No. 96-17127. We reverse and remand.
 
 
 6
 A grant of summary judgment is reviewed de novo. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the court applied the correct substantive law. Id. The interpretation and meaning of contract provisions are questions of law reviewed de novo. HS Servs., Inc. v. Nationwide Mut. Ins. Co., 109 F.3d 642, 644 (9th Cir.1997).
 
 
 7
 The parties dispute whether there was mutual intent to be bound by the terms contained in the August 11th letter. Viewing the evidence in the light most favorable to Plaintiffs, we conclude that there is a genuine issue of material fact regarding whether the parties intended to be bound by that letter or whether there was no intent to be bound until a subsequent document was executed.
 
 
 8
 If the trier of fact accepts Plaintiffs' proof that there was objectively manifested intent by both parties to be bound by the terms of the August 11th letter, that letter is specific enough, under Arizona law, to constitute an enforceable contract. See Schade v. Diethrich, 760 P.2d 1050, 1058 (Ariz.1988); Savoco Masonry Co., Inc. v. Homes & Son Constr. Co., Inc., 542 P.2d 817, 819 (Ariz.1975).
 
 
 9
 AFFIRMED, in No. 96-17335, and REVERSED and REMANDED, in No. 96-17127. Plaintiffs shall recover of Defendants their costs on appeal.
 
 
 
 **
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Several factors are examined to determine reasonableness, including: existence of an alternate forum; burden on the defendant; convenience and effectiveness of relief for the plaintiff; most efficient resolution of the dispute; conflict with the sovereignty of the defendant's state; extent of the purposeful interjection; and the forum's interest in the suit. Brand, 796 F.2d at 1075